BOLOVEN v. NICHOLSON.

1. Words and Phrases—Merchandise—Machinery—Fixtures.
   Machinery and fixtures used in carrying on a business are not considered merchandise in the sense that such articles are held for sale.

2. Insurance—Fire—Garage—Construction of Term "Merchandise."
   Fire insurance policy, issued to insured in the garage business is construed as covering "all stock and machinery and fixtures incidental to the business" lost in fire occurring in converted bus, located 15 feet from the garage and used by plaintiff while garage building was being enlarged, where same paragraph of policy stated that it also covered "said merchandise" within 100 feet of the described building.

3. Same—Construction of Policy—Ambiguity.
   An ambiguity in an insurance policy prepared by the insurer is resolved against the insurer and in favor of the insured.

4. New Trial—Partial New Trial—Damages—Fire Insurance.
   New trial to determine value of personal property of 2 of 3 classes of personal property lost in fire covered by defendant insurer's policy is ordered where court limited recovery, on conditional denial of new trial, to $148, testimony showed the

REFERENCES · FOR POINTS IN HEADNOTES
[3] 29 Am Jur, Insurance, § 166.
[5] 14 Am Jur, Costs, § 92.

articles in the 2 classes exceeded that amount in value, jury returned verdict of $1,161 without indicating whether it was for articles only in classes 1 and 2, and plaintiff claims his total loss was $2,779.

5. COSTS—BRIEFS.
No costs are allowed defendant insurance agent upon affirmance of judgment against him, where he filed no brief on appeal.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted June 7, 1950. (Docket No. 17, Calendar No. 44,611.) Decided September 11, 1950. Rehearing denied October 2, 1950.

Action by Sam Boloven against Peter G. Nicholson, individually and doing business as Nicholson & Company, and North British & Mercantile Insurance Company, a corporation, for damages resulting from misrepresentation of insurance policy. Verdict and judgment for plaintiff against corporate defendant only. New trial granted defendant unless remittitur filed. Plaintiff appeals. Corporate defendant cross-appeals. Reversed and remanded for partial new trial against corporate defendant. Affirmed as to defendant Nicholson.

*Jorgensen & Alexander,* for plaintiff.

*Cashan P. Head,* for defendant Insurance Company.

REID, J. Plaintiff sued on a policy of fire insurance and joined the agent of the insurance company on the ground of claimed misrepresentation of the policy. From an order requiring plaintiff to remit all damages awarded by the jury above the sum of $148 and from a judgment for the agent of no cause of action, plaintiff appeals. Defendant insurance company cross-appeals.

Plaintiff, Sam Boloven, contacted the defendant, Peter G. Nicholson, who was insurance agent for the defendant North British & Mercantile Insurance Company, for the purpose of securing fire insurance on his building and contents, which said building was being built at 250 East Vernor highway, Detroit, enlarging a former garage on the same property.

The defendant Nicholson came out to the place of business of the plaintiff, and looked over the personal property, tools, stock, fixtures and equipment in plaintiff's temporary office located on the same premises. At the time of Mr. Nicholson's inspection, the plaintiff had been unable to secure locks for his garage building on said property and had purchased a bus from one of the bus lines and had removed the seats and engine therefrom and converted same into a temporary office which was still on wheels.

About November 9, 1945, the defendant Nicholson called at the premises of the plaintiff and delivered an insurance policy to the plaintiff, said policy covering the contents of plaintiff's building and all personal property within 100 feet of the building, as plaintiff claims, in the amount of $3,000. Plaintiff claims that Mr. Nicholson informed the plaintiff that everything (including the bus body and contents) was covered for fire and theft, and that plaintiff relied on Nicholson's statements as to the coverage.

The plaintiff had stock and merchandise, machinery and fixtures used in his business insurable of over $3,000.

On or about December 23, 1945, a fire occurred in the converted bus, then being used as a temporary office by the plaintiff, and which was about 15 feet from the new garage in course of construction and on plaintiff's yard, completely destroying the bus and everything therein.

On demand for payment of plaintiff's loss, both defendants refused to pay and denied all liability.

The court among other things charged the jury not to return a verdict for plaintiff against the insurance company for more than $148. The jury returned a verdict for $1,161 in favor of the plaintiff and against the defendant North British & Mercantile Insurance Company, and a verdict in favor of the defendant Nicholson of no cause of action. Judgment was entered for plaintiff against the insurance company for $1,161 and in favor of defendant Nicholson of no cause of action.

A motion was made by the defendant insurance company for a new trial and a countermotion was made by the plaintiff for a new trial as to the defendant Nicholson. The court filed its written opinion and an order was entered thereon, denying the plaintiff's motion for a new trial as to defendant Nicholson and granting defendant company's motion for a new trial against the plaintiff, unless the plaintiff remitted all of the above mentioned judgment except $148.

Plaintiff's brief asks no relief from judgment in favor of defendant Nicholson.

Plaintiff's bus body on wheels, above referred to, contained at the time of the fire, 3 classes of personal property: 1, personal property which was in the ordinary sense of the word merchandise (being held for sale); 2, several articles of personal property incidental to the business carried on by plaintiff; 3, articles not classifiable as merchandise in the strict sense of that word nor incidental to plaintiff's garage business.

It is plaintiff's claim that all articles of both class 1 and class 2 as just above recited that were in the bus body and destroyed in the fire, were covered by the third paragraph of the policy describing the ex-

tent of the coverage, which said paragraph is as follows:

"3 $ and on stock of *merchandise* consisting chiefly of *all stock and machinery and fixtures incidental to the business* and such other merchandise as is usually kept for sale in an automobile garage and repair shop; and, provided the insured is legally liable therefor, this item shall also cover such merchandise held in trust, or on commission, or sold but not delivered; *all* only while contained in the above described building. This item shall also cover *said merchandise within one hundred (100) feet* of the above described building while on sidewalks, streets, alleys, yards, detached platforms and in or on vehicles or railway cars; also on said merchandise while on platforms in contact with above described building."

It is clear that the word "merchandise" is used in the quoted paragraph of the policy with a broader meaning than the ordinary use of the word conveys. Machinery and fixtures used in carrying on the business are not to be considered merchandise in the sense that such articles are held for sale. The word "stock" is assigned 37 different meanings in Webster's New International Dictionary, 2d ed (unabridged), and 1 of 4 synonyms given is "supply." In the policy sued on, we consider the word stock to mean simply a supply of personal property.

The words (italicized in the above excerpt from the policy sued on), "said merchandise," are to be considered as referring to the words also above italicized, "all stock and machinery and fixtures incidental to the business," and not to the word merchandise used in other clauses or paragraphs of the policy sued on.

The policy was prepared by defendant insurance company and ambiguities are to be resolved against defendant insurance company and in favor of plain-

tiff. Among many authorities of such import, see *Barney* v. *Preferred Automobile Insurance Exchange,* 240 Mich 199, 208; also, *D. F. Broderick, Inc.,* v. *Continental Credit Corp.,* 309 Mich 546, in which we say at page 555:

"It is to be noted that this wholesale policy is ambiguous in its terms. Obviously, it is a contract prepared by the insurer, or its general agent, and therefore must be construed against the insurer. See *In re Petition of Hume,* 260 Mich 555."

See, also, *Hooper* v. *State Mutual Life Assurance Co. of Worcester, Mass.,* 318 Mich 384, 393.

We are in accord with plaintiff's contention that he is entitled to recover for all items of personal property under both classes 1 and 2 above described.

The court was in error in limiting recovery to articles in class 1 above described.

We are unable to determine precisely whether the verdict of the jury was for articles only in classes 1 and 2. The court's charge excluded classes 2 and 3 and limited the verdict to $148. The testimony showed that articles in classes 1 and 2 exceeded $148 in value. Plaintiff claims his total loss was $2,779.

The judgment as to defendant insurance company is reversed and new trial ordered solely to determine the value of personal property in classes 1 and 2, above referred to, damaged or destroyed in the fire. Costs to plaintiff. The judgment as to defendant Nicholson is affirmed without costs, defendant Nicholson having filed no brief in this Court.

NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with REID, J.

BOYLES, C. J., concurred in the result.