CARROLL, DONALD K., Judge.
The defendant in' an action for declaratory relief has appealed from a final decree entered by the Circuit Court for Gadsden County construing the terms of an automobile insurance policy issued by the defendant.
The primary question presented for our determination in this appeal is whether the *14 said court correctly held that the plaintiff, Karen Alday, is an insured under the terms of the said policy and hence covered by the policy.
To comprehend this judicial issue it is necessary to know the relationship of the persons involved to each other and to the motor vehicle in question, as well as the terms of the said automobile insurance policy.
Karen Alday, the plaintiff, is the minor daughter of Chalmos Alday and his wife Hazel, who is the sister of Otho Whittle. Karen, Hazel, and Whittle reside in the same household with Chalmos. The collision which gave rise to this litigation occurred while an uninsured automobile owned by Whittle was being driven by Karen, apparently with the implied permission of Whittle.
Chalmos Alday and his wife, Hazel, each qualifies as the “named insured” under the terms of the policy in question, which defines “named insured” as “the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household.” Chalmos is named in Item I of the declarations and his wife, Hazel, as aforesaid, resides in the same household. “Relative” is defined as “a relative of the named insured who is a resident of the same household.”
One of the critical policy provisions in this case is that which defines “persons insured” with respect to a non-owned automobile. Included among the “persons insured” are the named insured and “any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission. He He He »
Another critical provision defines “non-owned automobile,” which is covered by the insurance under the policy, as meaning “an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile. * * *”
Applying the foregoing provisions of the instant policy to the facts shown in the record before us, we have no difficulty in concluding therefrom that, if the plaintiff was operating a “non-owned automobile,” she was an insured under the policy, for she is a relative of the named insureds (as the daughter of the named insureds, Chal-mos and Hazel Alday), in whose household she resided; and that the plaintiff, at the time of the collision, was operating the said automobile with the permission of its owner, Otho Whittle.
The real judicial problem, however, concerns the question whether the vehicle in question is a “non-owned automobile” within the meaning of the above-quoted definition of “non-owned automobile.”
The appellant contends in this appeal that the vehicle in question does not qualify as a non-owned automobile within the meaning of the said definition because that vehicle is owned by her uncle, Otho Whittle, a relative living in the same household as the named insureds, Helen and Chalmos Alday.
The Circuit Court’s rationale in holding that the plaintiff is covered by the terms of the said policy, as set forth in the final decree appealed from herein, is as follows: “If the brother-in-law is a ‘relative’ of the named insured the automobile was not, within the definition contained in the policy, a non-owned automobile and the policy would not cover the accident. On the other hand, if the brother-in-law who owned the uninsured automobile is not a ‘relative’ of the named insured, then the policy clearly protects Karen Alday as an additional insured under the quoted language of the policy.” The court then went on to *15 cite authorities for the proposition that generally the term “relative” means relationship by blood, not affinity, and pointed out that Otho Whittle, the owner of the car, was not related by blood to Chalmos Alday, who is specially referred to in the policy as the named insured. However, this reasoning overlooks the point that Whittle is the blood brother of Chalmos’ wife, Hazel, who also qualifies as a “named insured” under the terms of the policy, as mentioned earlier.
In our opinion, the question whether the word “relative” in the policy means “blood relative” is irrelevant in the present consideration, so we do not here pass upon that question. It is irrelevant because there are two “named insureds” under the policy — Chalmos Alday and his wife, Hazel. While he may or may not have qualified as a relative of Chalmos, Whittle was indisputably a blood relative of his sister, Hazel Alday, a named insured. The Circuit Court, sitting as the trier of the facts, found in effect that Whittle resided in the same household as the Aldays. Whittle fits squarely in the category of a relative whose ownership of an automobile prevents it from being considered a “non-owned automobile” under the above-quoted definitions in the policy, and hence removes the automobile from coverage under the policy. Those definitions, while not as clearly written as they could have been, are not, in our opinion, legally ambiguous, and hence there is no occasion here for applying the rule of strict constriction against the insurer.
Accordingly, the final decree appealed from must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
WIGGINTON, C. J., and MELVIN, J., concur.