234 So.2d 716 (1970)
Alice Jane WINTERS, a Minor, Etc., Appellant,
v.
Elizabeth E. PHILLIPS, Appellee.
No. 69-813.
District Court of Appeal of Florida, Third District.
April 28, 1970.
*717 Weissenborn, Burr & Hyman, Miami, for appellant.
Blackwell, Walker & Gray, and James E. Tribble, Miami, for appellee,
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
This appeal brings on for review a consolidated final judgment, entered in two causes lately pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
The principal question is whether a person driving an automobile without the express permission of its owner, but with the consent of the owner's son,[1] comes within the omnibus clause in the automobile owner's insurance policy, which reads as follows:
"Under the Liability and Medical Expense Coverages, the following are insureds:
"(a) with respect to an owned automobile,
(1) the named insured,
(2) any other person using such automobile with the permission of the named insured, provided its actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above."
This matter is presented in a contest between two insurance carriers as to whether the one representing the owner of the automobile [who was held vicariously liable to a third person] may seek recovery from the active tort feasor by subrogation. The carrier representing the active tort feasor contended that the operator of the vehicle was included in the omnibus clause and, therefore, the automobile owner's carrier cannot subrogate its claim, citing Maryland Casualty Co. v. Employers Mutual Liability Ins. Co., 2nd Cir.1953, 208 F.2d 731; Pacific Employers Insurance Co. v. Hartford Accident & Indemnity Co., 6th Cir.1955, 228 F.2d 365; American Surety Co. of New York v. Canal Insurance Co., 4th Cir.1958, 258 F.2d 934; Atlantic National Insurance Co. v. Erie Insurance Exchange, Dist.Ct.S.D.Fla. 1962, 211 F. Supp. 878.
The courts of Florida have held, in tort cases, the owner and his carrier liable for accidents occasioned by a dangerous instrument, to wit: an automobile, under the doctrine of implied consent, when one is driving a vehicle without the express permission of the owner but with the permission of one to whom the automobile was entrusted. Lynch v. Walker, 159 Fla. 188, 31 So.2d 268; Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832; American Fire & Casualty Company v. Blanton, Fla.App. 1966, 182 So.2d 36. Counsel for the appellant urges that this implied consent in tort law should be carried over to contract actions. We do not concur.
*718 Public policy dictates, as between the innocent injured third party and the owner, that the carrier be liable and not permitted to hide behind exclusions in the policy. No such policy dictates that, as between the insurance companies, the clear language of the policy or policies should not control. Clearly, in the instant case, the operator was not operating the insured vehicle with the express permission of the insured and we are not inclined to extend the implied consent found in tort law to contract law.
Therefore, we affirm the action of the trial court holding that the active tort feasor, operating the vehicle without the express consent of the owner, was not an insured under the provisions of the policy set forth above. The judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The owner had entrusted son with automobile, with express instructions not to let anyone else drive it.