277 So.2d 73 (1973)
Royal G. RAY and Morrison Assurance Company, a Florida Corporation, Appellants,
v.
Jerry Wayne EARL and American Fire & Indemnity Company, Appellees.
No. 72-419.
District Court of Appeal of Florida, Second District.
April 25, 1973.
*74 Peterson, Carr & Harris, Lakeland, for appellants.
Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellees.
LILES, Judge.
This case represents a variation of a recurring problem in automobile liability insurance law dealing with the omnibus clause. Ray, the auto owner, gave Earl permission to use the auto. Earl allowed Surratt to drive the car with Earl as a *75 passenger. Surratt wrecked the car causing injuries to Earl and others not involved here. Surratt was killed. Earl sued Surratt's estate and recovered a $22,000 judgment. Morrison Assurance Company, Ray's insurer, defended Earl's action against Surratt and paid the judgment to the limit of its policy which was $10,000. The balance of the judgment was paid by Surratt's carrier to the limit of its policy and by Earl's carrier, American Fire and Indemnity Company, for the excess.
In the case before the court Ray and his carrier, Morrison Assurance, have sued Earl and his carrier, American Fire, for indemnity on a bailment theory. Earl, as bailee of Ray's car, and his insurer, American Fire, are said to be responsible for indemnifying Ray and his carrier for their losses occasioned by Earl's action in allowing Surratt to drive Ray's car. Although Ray has been joined as a party, it appears that the gravamen of this suit is an attempt by Morrison Assurance to maintain a subrogated claim against Earl and, incidentally, against American Fire. The trial court entered a judgment upon the pleadings in favor of Earl and American Fire. We affirm.
Florida law is clear that the owner of a dangerous instrumentality, such as an automobile, is vicariously liable to persons injured as a result of the negligence of a person operating that instrumentality with the owner's consent. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920); Engleman v. Traeger, 162 Fla. 756, 136 So. 527 (1931); Hertz Corp. v. Hellens, 140 So.2d 73 (2d D.C.A.Fla. 1962). That consent may and usually will be implied in cases where no express limitation or negation of consent can be found in the facts. See Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947); Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959); American Fire and Casualty Co. v. Blanton, 182 So.2d 36 (1st D.C.A.Fla. 1966). See also, Winters v. Phillips, 234 So.2d 716 (3d D.C.A.Fla. 1970) (impliedly assuming that the owner's carrer may be liable to an injured third party even where consent is expressly negated regarding further bailment of the car by the original permittee). This is true even where the original permittee has delegated his right to drive the automobile to a second permittee and, more particularly, in a situation such as we have here where the original permittee is a passenger in the automobile. See, Krebsbach v. Miller, 22 Wis.2d 171, 125 N.W.2d 408 (1963); Pennsylvania Thresherman Farmer's Mut. Cas. Ins. Co. v. Crapet, 199 F.2d 850 (5th Cir.1952); Odolecki v. Hartford Acc. & Indemnity Co., 55 N.J. 542, 264 A.2d 38 (1970); State Farm Mut. Auto. Ins. Co. v. Automobile Underwriters, Inc., 255 F. Supp. 404 (S.D.Ind. 1966); Teague v. Tate, 213 Tenn. 269, 375 S.W.2d 840 (1964).
Southern Cotton Oil Co. v. Anderson, supra, wherein it was held that the owner of an automobile was vicariously liable for its negligent use by others, makes it clear that the theory of liability of the owner is based on strict agency and respondeat superior doctrines. See, Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 457, 86 So. 629 (1920); Raydel Ltd. v. Medcalfe, 178 So.2d 569, 572 (Fla. 1965). Therefore, it is evident that Surratt's negligence may be imputed to the owner, Ray, and that Morrison Assurance had a duty to defend Surratt and to be primarily liable for Surratt's negligence. The duty of the carrier arises by virtue of the omnibus clause in the auto owner's liability policy. The clause in Morrison's policy reads as follows:
III. Definition of Insured.
(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible *76 for the use thereof, provided, the actual use of the automobile is by the named insured or such spouse or with the permission of either. (Emphasis added.)
The doctrine of implied consent, however, has been used to extend the insurer's liability in a manner such that it is usually coextensive with the owner's liability to injured third parties under tort doctrines of dangerous instrumentality and vicarious and imputed negligence. See Winters v. Phillips, 234 So.2d 716 (3d D.C.A.Fla. 1970) and Florida cases, supra. Thus, coincidentally, as well as perhaps by design, the existence of liability often portends a finding of applicable insurance coverage through an expansive reading of the definitions of "insured" and "permission."
In this case Morrison Assurance, the owner's insurer, does not deny its liability under the policy for Surratt's negligence and it has accepted its duty to defend as well as its primary responsibility for the payment of claims. See, Cunningham v. Austin Ford, Inc., 189 So.2d 661, 666 (3d D.C.A.Fla. 1966).
The issue before us, then, is whether Morrison Assurance, a primary insurer, may be "indemnified" through a subrogated claim by a secondary carrier, American Fire, for the act of Earl in permitting Surratt to drive the car. The question to be answered is whether Earl was an "insured" under the policy of Morrison Assurance as an agent of Ray; for, if he was, the action by Morrison Assurance may not be maintained against him. It is a basic rule of law that an insurer may not maintain a subrogation suit against its own insured. Smith v. Ryan, 142 So.2d 139, 141 (2d D.C.A.Fla. 1962). Nor may an insurer be subrogated to the rights of one insured to defeat another insured in the face of its undertaking to insure both. Federal Ins. Co. v. Tamiami Trail Tours, 117 F.2d 794, 796 (5th Cir.1941).
The First District has held that an "implied bailee" (original permittee) may impute the negligence of his own "implied bailee" (second permittee) to the owner of the vehicle and maintain a suit against the bailor/owner for his own injuries sustained while riding as a passenger with his own bailee. Toner v. G & C Ford Co., 249 So.2d 703 (1st D.C.A.Fla. 1971). In that case G & C Ford loaned a political candidate a car for use in the campaign under an "open bailment" on a "whoever needs it" basis. A campaign worker, Toner, an implied bailee of the owner, was injured while riding with a friend to whom he had entrusted the car. The friend was also termed an "implied bailee" under the "open bailment" agreement and Toner was allowed to sue the owner while occupying the status of a "passenger." Id. at 705. Although not expressly stated, it appears that the injured campaign worker was treated by the court as any other injured third party in that, although he was undoubtedly an "insured" under the bailor's policy while he was driving the car, he became solely a passenger while riding in the vehicle. It is not clear whether the injured plaintiff also lost his status as an "insured" under the owner's policy upon becoming a passenger.
At least two Florida cases have allowed an injured third party to maintain a suit against a bailee who had given permission to another to drive the bailed car and who was driving the car at the time of the injury. In one case the injured party was allowed to maintain the action against both the original bailee and the owner/bailor. Frankel v. Fleming, 69 So.2d 887 (Fla. 1954). The same result occurred in a second action, the court noting that liability was not dependent upon ownership. Martin v. Lloyd Motor Co., 119 So.2d 413 (1st D.C.A.Fla. 1960).
Thus, if the negligence of a permittee of a bailee is imputable to both the owner and the bailee it seems logical that the principal-agent chain from owner to bailee to permittee remains intact for the purposes of vicarious liability. See also, Metzel v. Robinson, 102 So.2d 385 (Fla. 1958); Re-Mark Chemical Co. v. Ross, 101 So.2d 163 *77 (3d D.C.A.Fla. 1958). Similarly, the chain of permission, express and implied, from owner to bailee to permittee remains intact and the bailee remains an "insured" under the owner's policy just as is his permittee, especially where the bailee is riding as a passenger and his permittee is driving the vehicle. Earl was "using" Ray's vehicle under the terms of Morrison's policy while he was a passenger and was, therefore, an "insured" under its terms. See Brown v. Kennedy, 141 Ohio St. 457, 48 N.E.2d 857 (1943); Maryland Casualty Co. v. United States Fidelity Guaranty Co., 91 Ga. App. 635, 86 S.E.2d 801 (App.Div. 2 Ga. 1955); Monroe v. Heard, 168 So. 519 (La. App. 1936); American Employers' Ins. Co. v. Liberty Mut. Ins. Co., 93 N.H. 101, 36 A.2d 284 (1944). As alluded before, we are fully cognizant of the logical pitfall of equating the existence of insurance with the existence of liability. However, we choose to adhere to that construction of the term "insured" which most closely parallels the public policy behind the doctrines of vicarious liability, dangerous instrumentality, and "primary" and "secondary" insurance; namely: the policy of construing insurance policies, wherever reasonable, so as to compensate victims injured by the operation of dangerous instrumentalities. Although that policy has been largely served already in this case we do not believe the law in this area is well served by spawning an insurance law "chameleon" which changes color depending upon the parties in the suit.
Earl did not lose his "insured" status under Morrison's policy simply by virtue of the fact that it was he who was the injured party. He was, perhaps, suing as a mere passenger with respect to his injuries; nevertheless, it has been held that the doctrine of imputed negligence does not apply in an action by a principal (Earl) against an agent (Surratt). Hale v. Adams, 117 So.2d 524 (1st D.C.A.Fla. 1960). Thus, he could, in these peculiar circumstances, occupy the status of an "insured" under Morrison's policy and sue Surratt as a passenger without being barred by the defense of imputed negligence.
We have considered the case of Winters v. Phillips, supra, wherein it was held that an operator of an automobile may be an "insured" for the purposes of indemnifying innocent third parties and not be an "insured" with respect to the application of the rule that an insurer cannot maintain a subrogated claim against its own insured. It should be noted that the owner of the auto in that case had entrusted it to his son with express instructions not to let anyone else use it. Furthermore, the suit was by the owner's insurer against the driver's insurer, such driver being the active tort-feasor. Here, however, the original permission was sufficiently broad so as to include the active tort-feasor, Surratt, as an "insured" and the suit here is between the owner's insurer and the insurer of the bailee. The bailee, Earl, can hardly be described as the active tort-feasor; he retains his status as an "insured" under Morrison's policy and cannot be sued by Morrison on this claim.
Automobile accident litigation is, at best, difficult to lay at rest. A changing definition of "insured" only invites endless litigation most of which is absolutely unnecessary.
For the foregoing reasons the judgment of the trial court is affirmed.
MANN, C.J., and HOBSON, J., concur.