SPECTOR, Acting Chief Judge.
Appellants seek reversal of a summary judgment entered in favor of appellee in an action for injuries sustained by Alphonso Butler on a shrimping vessel insured by appellee.
The injured plaintiff was 17 years old when working as a crewman aboard the vessel Blue Star. He and his father sued Corey Jervis as owner of the vessel. Ap-pellee then and for almost a year undertook the defense of the action and in answering admitted the allegation that the vessel was owned by Jervis. It was later determined through discovery that the true owner was Blue Star, Inc., whereupon ap-pellee’s counsel were permitted to amend their answer and answers to interrogatories to deny that Jervis was the owner of the vessel and to allege therein that it was owned by Blue Star, Inc. Then the Butlers amended their complaint by adding Blue Star, Inc. and the appellee as defendants.
Although the complaint was filed by appellants on October 10, 1969, it was not until three years later that appellee asserted for the first time as a defense and as basis for its motion for summary judgment an exclusionary clause, on which the court later based its summary judgment being reviewed herein, that reads as follows:
“It is hereby understood and agreed that this policy excludes any and all liability in respect to minors employed or otherwise on board this vessel and/or vessels.”
The facts giving rise to this litigation follow.
Appellant, Alphonso Butler, was part of an experienced three-man crew aboard the Blue Star at the time of the accident. He had already served on the crew of another shrimping vessel for a year and had advanced to second mate of the Blue Star at the time of the accident. The captain of the Blue Star knew that Alphonso was 17 years old when he hired him and knew him to be an able and experienced shrimper. Before hiring him, the captain stated that he had learned from Alphonso’s previous captain that he was one of the best men that the latter had ever had aboard his vessel. The Blue Star captain also stated that a person with Alphonso Butler’s experience could be the captain of a shrimp boat.
The insurance policy issued by the appel-lee providing coverage for accidents occurring aboard the Blue Star vessel confines coverage to inland and coastal waters of North Carolina, South Carolina, Georgia and Florida, but not exceeding 150 miles off the mainland, and also to include all waters of the Gulf of Mexico.
Appellant contends that although he was only 17 years old when the accident occurred, he was not a “minor” within the exclusionary clause in the insurance policy. Appellant points to the absence of a definí *597 tion in the policy for the word “minor” and argues convincingly that the definition to be accorded should be determined in the context within which the word is used. That context is an insurance policy to provide coverage for injuries sustained by crewmen on board a shrimping vessel engaged in the fisheries industry on the high seas within ISO miles of the coast of North and South Carolina, Georgia and Florida, as well as all waters of the Gulf of Mexico.
Appellant is correct in our judgment. In absence of a policy definition to the contrary, we believe the meaning to be given should be consistent with generally understood and accepted meaning of the word in the parlance of the maritime industry.
When taken in the context of maritime law, a “minor” is not necessarily the same as a “minor” for other purposes. Federal statutes define an “able seaman” as a person 19 years of age or more who has had at least three years of service. Thus, federal law contemplates that a 16 year old is eligible for employment as a seaman.
The International Labor Organization in a proclamation in regard to age of seamen stated that children under the age of 15 years’ shall not be employed on vessels. The United States Navy permits a 17 year old to go to sea as a crewman. Thus, it appears to us that for the purpose of construing this insurance policy covering a fishing vessel, one need only look to the accepted nomenclature in the maritime industry in order to determine that a 17 year old, although a minor for some purposes, was contemplated as being within the class of persons covered by the policy. Accordingly, the judgment appealed herein is reversed.
JOHNSON, J., concurs.
BOYER, J., concurs specially.