QUESTIONS: 1. May the tenants of homes for the aged deduct 5 percent from their gross income and thereby qualify their apartments for ad valorem tax exemption as is permitted in the case of family income as shown by FHA Form 3132? 2. May a tenant, for purposes of computing whether his apartment is exempt from tax, deduct from gross income payments he makes for his medical care, since, in s. 196.012(9), F.S., gross income specifically excludes "payments made for the medical care of the individual"? 3. May assistance payments such as railroad retirement and civil service pensions be deducted from gross income as "public assistance payments," since persons receiving the same are not eligible for social security and since s. 196.012(9), F.S., excludes Social Security benefits and public assistance payments payable to the person or assigned to an organization designated specifically for the support or benefit of that person? 4. May the landlord count as an exempt apartment one occupied by a fifty-two-year-old employee of the landlord when such employee otherwise meets the income requirements of the statute and when HUD regulations specifically authorize the demise of one apartment unit for employees? 5. Does s. 196.197(4), F.S., grant what is in the nature of homestead exemption to the tenant of a qualifying home for the aged or to the landlord as a credit on the gross assessment?
SUMMARY: The Supreme Court in Presbyterian Homes of the Synod of Florida v. Wood, 297 So.2d 597 (Fla. 1974), held unconstitutional the income test codified in s. 196.197(2), F.S., rendering the income of a tenant or patient in a home for the aged irrelevant insofar as the taxable status of the home is concerned. The other statutory requirements for a charitable exemption from ad valorem taxation remain in effect. Thus, an apartment rented to a fifty-two-yearold employee is not entitled to an exemption since the minimum age requirement is not met. The charitable exemption from ad valorem taxation goes to the landlord and not the tenant. The Florida Supreme Court has recently held the "income tests" codified in s. 196.197(1), (2), and (3), F.S. 1971, to be unconstitutional as a violation of Art. VII, s. 3, State Const. Presbyterian Homes of the Synod of Florida v. Wood, 297 So.2d 557
(Fla. 1974). Moreover, the reaffirmation of s. 196.197(1), (2) and (3) by the 1974 Florida Legislature in Chapter 74-264, Laws of Florida [s. 196.197(2), (3), and (5), F.S.], does not serve to cure the constitutionally defective sections. See 30 Fla. Jur. Statutes s. 3 (1974) and AGO 074-275. Therefore, the income of a tenant or patient in a home for the aged is irrelevant insofar as the taxable status of the home is concerned. Since your first three questions relate exclusively to these income tests, further discussion is not necessary. It should be noted, however, that the court did not challenge the other requirements for charitable exemptions, i.e., that the property must be used at least predominantly for charitable purposes; that it must be owned by a nonprofit applicant; and that it must house the requisite percentage of tenants or patients sixty-two years of age or older. Article VII, s. 3, State Const.; ss. 196.012(1), (2), (3), (6), and (8), 196.195, 196.196, and 196.197, F.S.; Jasper v. Mease Manor, Inc., 208 So.2d 821 (Fla. 1968); AGO 074-275; Presbyterian Homes of the Synod of Florida v. Wood, supra. Since these requirements have not been held unconstitutional, they remain in effect and are presumptively valid. Evans v. Hillsborough County,186 So. 193 (Fla. 1938). Your fourth question in answered in the negative. This question involves a fifty-two-year-old employee who resides in one of the units. The HUD regulations specifically authorize the rental of one unit to one employee. Your question is whether the unit is exempt under s. 196.197, F.S. Section196.197(2), F.S., specifically requires that only patients or tenants who are sixty-two years of age or older, or whose spouse is sixty-two years of age or older, may be considered for exemption purposes. Attorney General Opinion 072-253. As discussed above, Presbyterian Homes, supra, held unconstitutional only the "income tests," but did not alter the age requirement. Attorney General Opinion 074-275. Moreover, in my opinion, an apartment leased to an employee is not used for a charitable purpose. Attorney General Opinion 074-231. The fact that he is within HUD regulations on matters not included in s. 196.197(7), F.S., will not permit an exemption. Attorney General Opinion 072-253. The Florida Statutes deferred to HUD regulations only as regards the now defunct income limitation. Section 196.197(2), F.S. Since exemptions from taxation must be strictly construed in order to avoid an uneven distribution of the tax burden, unless the applicant meets all the requirements, i.e., age, exemption from taxation must be denied. Miami Battlecreek v. Lummus, 192 So. 211
(Fla. 1939). As to your fifth question, s. 196.197(4), F.S., provides an alternative exemption for those units or apartments not exempted under subsection 196.197(1) or subsection 196.197(2), supra. Although the amount of the exemption (five thousand dollars or ten thousand dollars) corresponds to that of a homestead exemption, the exemption under this statute goes to the total assessed value of the entire property and not as an exemption to the individual tenant. This is clear under the language of the subsection, "[e]ach unit or apartment . . . shall be exempt from all ad valorem taxation (except for assessments for special benefits) to the extent of five thousand dollars ($5,000) of assessed valuation of such property for each apartment or unit." (Emphasis supplied.) Furthermore, under Florida law it is the corporate owner of such property and not the lessee who is liable for ad valorem taxes and thus the exemption would have to be a credit on the assessment of the owner's property. Section 196.001, F.S.; Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834
(Fla. 1969).