363 So.2d 1172 (1978)
Harold WINEGARDEN, Appellant,
v.
PENINSULAR LIFE INSURANCE COMPANY, a Florida Corporation, Appellee.
No. 78-90.
District Court of Appeal of Florida, Third District.
November 7, 1978.
Brumer, Moss, Cohen & Rodgers and Burt E. Redlus, Miami, for appellant.
Mahoney, Hadlow & Adams and William C. Crenshaw, Miami, for appellee.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a final judgment entered by the trial court on December 14, 1977, after a non-jury trial, in favor of appellee, defendant below. We reverse.
In July, 1962, appellant purchased two insurance policies from appellee. One policy was titled an accident policy and the other a comprehensive accident policy. The first included coverage for the "permanent loss of the sight of one eye" and the second offered coverage for the "loss of the sight of one eye." In regard to the latter policy, it included the following definition: "loss shall mean ... with regard to eyes the entire and irrevocable loss of sight."
In February of 1975, appellant was involved in an accident and suffered a traumatic laceration of the cornea with secondary intra-occulation infection. During his hospitalization, appellant's intra-occular lens was surgically removed. Since this surgery, appellant without a corrective lens cannot see faces or objects; however, with the use of a corrective contact lens, his vision is normal.
Upon appellee's refusal to pay under the policies, appellant filed a complaint seeking recovery. After a non-jury trial, the trial court entered a final judgment, the relevant portions of which are as follows:

*1173 "THIS ACTION was tried before the Court on Plaintiff's claim for benefits under two separate accident policies, one providing benefits for `the entire and irrecoverable loss of sight' of one eye, the other policy providing payment for `permanent loss of the sight of one eye.'
"The Plaintiff suffered an injury to his right eye on February 28, 1975. He obtained treatment for his injuries and his treating doctor testified that he presently has correctable vision with a contact lens at 20/15. An examining physician called by the Defendant testified that the Plaintiff has corrected vision with a contact lens at 20/20.
"It is stated in Massachusetts Indemnity & Life Ins. Co. v. Schupper, 301 So.2d 789, 791 (Fla. 3d DCA 1974):
`... total and irrecoverable loss of sight means loss of useful or beneficial sight as those terms are understood in everyday usage.'
`... whether a disability insurance policy insures against loss of sight, loss of entire sight, or entire loss of sight ... it is generally interpreted to mean loss of practical use of sight ...'
"Since the testimony supports the view that the Plaintiff has correctable vision with a contact lens, he has not lost the `practical use of sight' of the eye.
"The Court therefore concludes, based on the evidence presented, that the Plaintiff suffered neither `permanent loss of the sight of one eye' nor the `entire and irrecoverable loss of sight' of one eye, and he is, therefore, denied recovery under the policies in question."
We believe that the instant case differs from the Massachusetts Indemnity case, cited in the final judgment, in at least one important aspect. Although appellant lost practical vision in his eye as a result of the accident, by use of a corrective lens, appellant's vision is normal. Based on this distinction, neither the parties's research nor ours has revealed any Florida authority directly on point with the instant case. Under these circumstances, we are presented for review the question of what coverage was afforded under the insurance policies, i.e., contracts, in this case.
In making this review, we must start with the well established rule that a policy of insurance must be liberally construed in favor of the insured so as not to defeat the claim to the indemnity which the policy protects. The courts in this State have consistently adhered to the principles that a contract of insurance should be construed so as to give effect to the intent of the parties and that when there are uncertain or ambiguous terms in a policy they should be construed against the insurer and in favor of the insured. See, e.g., Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (1975); Harris v. Carolina Life Insurance Co., 233 So.2d 833 (1970); Travelers Insurance Co. v. Smith, 328 So.2d 870 (Fla. 3d DCA 1976); and Winters v. Phillips, 234 So.2d 716 (Fla. 3d DCA 1970).
Our review of the record shows that policies involved herein frequently mention benefits for the accidental injury to one or both eyes, but neither policy specifically mentions that the measure of any such loss will be applied to corrected vision, as opposed to uncorrected vision. In our opinion, this raises an ambiguity in the insuring contracts. Here, the policies never indicate whether loss of vision means the loss of actual eye vision or the loss of corrected eye vision. Because of this ambiguity and based on the principles of interpretation set forth above which require us to construe this ambiguity against appellee, we believe that the trial court erred in finding that appellant was not covered for his injuries under the insurance policies in question. We note that by the appropriate policy language, appellee could avoid this result if it so desired. For the reasons set forth above, the final judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.