PARKER, Judge.
Green Lawn Systems, Inc., (Green Lawn) appeals a final summary judgment entered against it in its breach of contract claim against American Economy Insurance Company (American Economy). We affirm in part and reverse in part.
American Economy issued a commercial general liability insurance policy to Green Lawn. Green Lawn was a subcon *1291 tractor installing an irrigation system at a school under construction. Green Lawn filed a claim when thieves trespassed upon the construction site and stole Green Lawn’s property, which included tools, materials to be installed at the site (sprinkler heads, nozzles, valves, tubing, etc.), and two trailers which transported a Ditch Witch and Vermeer Trencher. American Economy paid the claim for the tools but not the other items. Green Lawn filed a breach of contract action against American Economy. The trial court entered a final summary judgment in favor of American Economy, concluding that the trailers were not scheduled and, therefore, were not a covered loss and that the materials to be installed at the construction site were stock and, therefore, excluded from the policy.
We affirm the trial court on the issue of the stolen trailers. The trial court was correct in ruling that the trailers were required to be listed on either the Schedule for Contractor’s Equipment or the Schedule for Motor Truck Cargo Owner’s Coverage in order to be a covered loss. Because the trailers were not scheduled, their loss was not covered under the insurance policy.
The next issue is whether the sprinkler heads, nozzles, valves, tubing, etc., were covered under the policy. The Building and Personal Property Coverage Form provided coverage for personal property located off-premises but expressly excluded stock from this coverage. The policy defined the term “stock” as “merchandise held in storage or for sale, raw materials and in-process or finished goods, including supplies used in their packing or shipping.” Green Lawn argued that the sprinkler heads, nozzles, etc. were “stored goods” and not stock or merchandise. Because the policy did not define “merchandise,” Green Lawn consulted the dictionary for the ordinary meaning of the term, which is: “Goods bought and sold in business; commercial wares.” The American Heritage Dictionary of the English Language 1129 (3d ed. 1992). Green Lawn reasoned that it was not in the business of selling merchandise to the public; therefore, the items were not stock.
The case of Boloven v. Nicholson, 328 Mich. 496, 43 N.W.2d 832 (1950) is instructive in resolving the issue of how to construe the term “merchandise” in an insurance policy. The Boloven court found that the ordinary definition of the word “merchandise” was “an article held for sale” and that a broad definition was “a supply of personal property.” Boloven, 328 Mich. at -, 43 N.W.2d at 833. In Boloven, it was to the insured’s advantage to interpret broadly the term “merchandise.” The court found that the term was ambiguous and that the ambiguity should be resolved against the insurance company. Hence, the Boloven court interpreted “merchandise” to include supplies of personal property not held for sale and concluded that the loss was covered under the policy.
The instant case is the reverse situation. It is to Green Lawn’s benefit to interpret narrowly the term “merchandise.” We conclude that the term “merchandise,” as used in the policy, is ambiguous. We, therefore, resolve the ambiguity against American Economy. See Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975) (ambiguities in insurance policy must be construed against insurer and in favor of finding coverage). Giving “merchandise” its narrow, ordinary meaning, we conclude the sprinkler heads, nozzles, valves, tubing, etc., would not be considered stock. Instead, they could be considered the insured’s personal property located off-premises and would be covered under the policy. The summary judgment in favor of American Economy on this issue was error.
We, based on the preceding discussion, affirm the final summary judgment in favor of American Economy as it relates to the trailers and reverse it concerning the sprinkler heads, nozzles, valves, tubing, etc. We direct the trial court to enter a final summary judgment in favor of Green Lawn that the sprinkler heads, nozzles, valves, tubing, etc., are a covered loss under the policy.
*1292 Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.
HALL, A.C.J., and THREADGILL, J., concur.