MARGIE BRIDALS, INC., *et al.*, Plaintiffs-Appellees, *v.* MUTUAL BENEFIT LIFE INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division) No. 77-290

Opinion filed July 5, 1978.

Peterson, Ross, Schloerb & Seidel, of Chicago (Owen Rall, Joseph J. Hasman, Ellen J. Kerschner, and Ernest W. Irons, of counsel), for appellant.

Jerome H. Torshen, Ltd., of Chicago (Jerome H. Torshen and Edward G. Wierzbicki, of counsel), for appellees.

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

Margie Bridals, Incorporated, and Irwin May, as conservator of the estate and person of Deborah May, brought this action against Mutual Benefit Life Insurance Company for a declaration of their rights under a group health insurance policy issued by Mutual Benefit to Margie Bridals, Incorporated, the policyholder. Cross motions for summary judgment and supporting memoranda were filed and the trial court entered summary judgment in favor of plaintiffs and against Mutual Benefit. Defendant appeals from the entry of summary judgment in plaintiff's favor and from the denial of summary judgment in its own favor. 58 Ill. 2d R. 301, 303(a).

The sole issue on review is whether the trial court erred in finding that Deborah May was still a "full-time student in an accredited school" within a policy definition of "Eligible Dependent" even though she received a leave of absence from the university due to a medical condition which prevented her from attending classes.

On March 25, 1970, defendant Mutual Benefit Life Insurance Company issued its group health insurance policy No. G9000—F to the trustees of the Upper Midwest Employer's Assocation Group Insurance Trust, in which group insurance plan Margie Bridals, Incorporated, participated. Pursuant to the employer's participation under the group policy, a group insurance certificate was issued to Abe I. May, the father of Deborah May.

The relevant portions of the group policy provided:

| eligible classes of the general group | "The eligible classes of the general group shall consist of each active, full-time employee, except any such person employed on a temporary basis. |

544

* * * *

effective date of individual insurance

A3 No insurance will be placed in effect on an eligible person until all requirements of Sections A1 and A2 have been fulfilled with respect to such insurance. That insurance with respect to which a person has fulfilled the requirements of the foregoing Sections A1 and A2 will become effective on the later of the fifteenth day of the month coinciding with or next following the day all requirements have been fulfilled and the effective date of this policy, provided he is then actively at work on a full-time basis at his usual place of business, otherwise on the first day thereafter upon which he returns to active work on a full-time basis at his usual place of business.

In the case of an eligible person whose Participating Employer became a participant in the Trust as of the first day of a calendar month, the effective date of individual insurance shall be such first day of the calendar month with respect to such an eligible person who satisfies all requirements of Sections A1 and A2 on such date, provided he is actively at work on a full-time basis at his usual place of business, otherwise on the first day thereafter upon which he returns to active work on a full-time basis at his usual place of business.

definition of eligible dependent

A4 An eligible dependent is one of the following persons not otherwise eligible for insurance hereunder as a member of the general group.

* * * *

(b) Each unmarried child of the person insured who has not reached his nineteenth birthday.

(c) Each unmarried child of the person insured who has reached his nineteenth birthday but has not reached his twenty-

fourth birthday who is a full-time student in an accredited school.

\* \* \* \*

definition of
insured
individual

A6 An insured individual means the person insured and any dependent insured of such person.

\* \* \* \*

termination of
dependent
insurance

C5 The insurance provided under this policy on the dependents of a person insured shall automatically terminate upon the occurrence of the earliest of the following events:

(a) as to a particular dependent insured, termination of status as an eligible dependent as defined in Section A or accrual of the Maximum Amount of Benefit by such dependent insured;

\* \* \* \*

extended benefit

C6 If the insurance of an insured individual terminates for a reason other than payment or accrual of the Maximum Amount of Benefit and if the insured individual is totally disabled by accidental bodily injury or sickness at the date of such termination, benefits shall accrue, subject to the other provisions and limitations of this policy, as though insurance had not terminated, for covered charges incurred (i) solely on account of such injury or sickness, (ii) during the uninterupted continance [sic] of such disability, and (iii) before the end of the calendar year next following the calendar year in which insurance terminated.

As used herein total disability means

\* \* \* \*

(b) in the case of a dependent insured, disability which prevents him from engaging in and performing his regular and customary duties or activities."

This language is substantially the same as the language of the insurance certificate issued to Abe I. May.

Prior to October 14, 1974, Deborah May was unmarried, over the age of

19, but less than the age of 24, and enrolled as a full-time student in the College of Arts and Sciences at Northwestern University, Evanston, Illinois. On or about October 14, 1974, Deborah May developed a condition known as anorexia nervosa and was hospitalized intermittently since that time. As a result, she officially withdrew from classes and obtained a leave of absence from Northwestern University. Since October 14, 1974, Deborah May had neither been enrolled in nor attended classes at Northwestern University or at any other educational institution.[1]

On October 31, 1975, the Northwestern University Registrar wrote the following letter to Mutual Benefit Life Insurance Company:

"Our records show that Deborah May was enrolled in the College of Arts and Sciences at Northwestern University as a full time student in good standing from September, 1973, to October 24, 1974, at which time she officially withdrew from classes for medical reasons.* * *

[S]he is regarded as being on a leave of absence. This means that when she is prepared and able to do so, she may continue her course of study. She may register upon completion of an information from and, perhaps, a medical interview."

■■ The record discloses no genuine issue of any material fact and we need only determine if the plaintiff was entitled to judgment as a matter of law. (*Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 292 N.E.2d 205.) Mutual Benefit Life Insurance Company advised plaintiffs that all policy benefits for Deborah May would cease on December 31, 1975, on the ground that any coverage to which Deborah May was entitled terminated when Deborah ceased being a full-time student in an accredited school on or about October 14, 1974. However, due to the extended insurance benefit provision, Deborah May was entitled to insurance benefits for covered medical charges incurred to and including the end of the calendar year next following the calendar year in which the insurance terminated. Mutual Benefit paid those additional medical benefits incurred by Deborah May through December 31, 1975.

On December 5, 1975, plaintiffs filed their complaint for declaratory judgment, pursuant to section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57.1), asserting that Deborah May remained a full-time student while on leave of absence and asked the court to declare Deborah May's rights under the group health policy involved. Following motions for summary judgment filed by each side, the court, on December 7, 1976 entered its order declaring Deborah May to be a full-time student in an

---

[1] In January 1977 Deborah May enrolled in Northwestern University for the winter quarter as a full-time student.

accredited school and therefore an eligible dependent entitled to receive insurance benefits under the group policy.

The sole question raised concerns construction of Mutual Benefit's group health insurance policy No. G9000—F. Margie Bridals, Incorporated, and Irwin May contend that the group health insurance policy is ambiguous as to the definition of the term "full-time student." They argue, when the term is examined in the context of the entire policy, it is clear that the policy does not require a "full-time student" to be "active." Since Deborah May retained the status of a full-time student even after taking a leave of absence from Northwestern University, she should still be entitled to medical benefits under the defendant's group health insurance policy.

Mutual Benefit Life Insurance Company responds that the language of the policy is clear and unambiguous and must be given its plain and ordinary meaning. It contends that benefits were properly terminated, pursuant to the extended benefits provision, following Deborah May's failure to remain a full-time student at an accredited institution.

■■■ While the term "full-time student" is not defined by the policy, the term must be given its usual interpretation. Such term envisions a person's enrollment in an academic institution and attendance at classes on a substantial basis. Full-time ordinarily signifies the normal or standard period of time spent in a named activity. Deborah May's withdrawal from classes and leave of absence from the university cannot be considered in keeping with the activities of a "full-time student."

Plaintiff points to that portion of the insurance policy which defines eligible employees and the effective date of individual insurance as requiring "active" full-time employment. Sections A1 and A3 concern the essential determination of when coverage will take effect for an *employee*. The policy provision in the instant case, section A4, defines who is an eligible *dependent*. The policy provides two substantially different classes of insured persons and corresponding differences in their eligibility and benefits. Whereas the covered employee need be an "active, full-time" employee, the dependent need only be between age 19 and 24 and a "full-time student in an accredited school."

The policy provides that initial coverage for an otherwise eligible employee will not take effect until the person is actively at work on a full-time basis. This strict requirement as to commencement of coverage is necessary to reduce the risk and premium cost of anti-selection in providing group insurance for large groups of employees. Therefore, the provision requires that an employee's coverage will not start until the first day he is both actively at work, and also, a full-time employee. The omission of the "active" requirement from the dependent clause for "full-

time students" defines a broader class of eligible dependents. For example, this difference allows continued coverage of the full-time student during the summer months even though he or she may not be attending classes during that period. Because of these differences, the different eligibility provisions are not comparable and their different uses do not raise an ambiguity.

The well-known rule that all ambiguities in an insurance policy will be construed most strongly against the insurance company, as the party that drafted the policy, only has application where an ambiguity in fact exists. *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.* (1940), 374 Ill. 576, 586, 30 N.E.2d 66, 71; *Nationwide Insurance Co. v. Ervin* (1967), 87 Ill. App. 2d 432, 435-36, 231 N.E.2d 112, 114.

> "The usual rule of liberal construction of ambiguous provisions of insurance policies in favor of the insured must yield to rules of reasonable construction, and such does not permit the straining of plain, unambiguous language to create a supposed ambiguity where none in fact exists; where the provisions are plain and certain there is no room for construction, and the language should be taken in its plain, ordinary, popular sense: 22 Ill. Law and Pract. [Insurance], pp. 199-200; *Thompson v. Fidelity & Casualty Co. of New York* (1958), 16 Ill. App. 2d 159; *Craig v. Central Nat. Life Ins. Co.* (1958), 16 Ill. App. 2d 344; *Maryland Casualty Co. v. Holmsgaard, et al.* (1956), 10 Ill. App. 2d 1; *Steffan v. Bankers Life Co. of Iowa* (1932), 267 Ill. App. 248." *Lundquist v. Illinois Life & Accident Insurance Co.* (1960), 24 Ill. App. 2d 316, 323, 164 N.E.2d 293, 297.

Accordingly, we reverse the judgment of the trial court and remand the case for entry of judgment in favor of defendant, Mutual Benefit Life Insurance Company, and against plaintiffs.

Judgment reversed and cause remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.