**COLONIAL LIFE INSURANCE COMPANY OF AMERICA,**
Appellant,

v.

**Pamela Jean HAZELTON, et al., Appellees.**

**No. 05–85–01044–CV.**

Court of Appeals of Texas, Dallas.

April 23, 1986.

Rehearing Denied June 13, 1986.

Larry M. Lesh, David P. Blanke, Locke, Purnell, Boren, Laney & Neely, P.C., Dallas, for appellant.

Allan M. Stafford, Garland, for appellees.

Before GUILLOT, STEWART and HOLLINGSWORTH, JJ.

GUILLOT, Justice.

Colonial Life Insurance Company of America, ("Colonial"), appeals from a judgment rendered in favor of Pamela Jean Hazelton, Ronald D. Hazelton, and Barbara J. Hazelton, ("the Hazeltons"), in a trial to the court. For the reasons below, we reverse the judgment of the trial court and render judgment in favor of Colonial.

The Hazeltons filed suit against Colonial claiming that Pamela Jean Hazelton was insured under a group major medical insurance policy issued by Colonial when Pamela was injured in an automobile accident. The policy was issued to Ronald D. Hazelton's employer and insured employees and their dependents. The category of "dependent" under which Pamela claims coverage includes:

> an unmarried child who is between the ages of 19 and 26, who is a full-time student, and who is chiefly dependent upon the employee for support and maintenance.

Colonial contends that Pamela was not a "full-time student" at the time of her accident and, therefore, was not covered under the policy.

The insurance policy does not define "full-time student," so we must give the words their ordinary and generally accepted meaning. *Prudential Insurance Co. of America v. Uribe*, 595 S.W.2d 554, 563 (Tex.Civ.App.—San Antonio 1979, writ

ref'd n.r.e.). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2268 (3d ed. 1981), defines a "student" as one enrolled in a class or course in a school, college, or university. We hold that the term "student" envisions enrollment in an academic institution. *See, Margie Bridals Inc. v. Mutual Benefit Life Insurance Co.,* 62 Ill.App.3d 542, 19 Ill.Dec. 547, 550, 379 N.E.2d 62, 65 (1978). Furthermore, we hold that "full-time" signifies the normal or standard period of time spent in a named activity. *Id.*

In the instant case, Pamela Jean Hazelton had enrolled for four classes, (twelve credit hours), at Eastfield Junior College for the fall semester of 1981. In November, she quit attending classes and received an "F" and three "W's", (withdrawn), for her coursework. Spring semester classes began on January 18, 1982. Pamela neither enrolled nor attended classes for that semester. Her accident occurred on February 6, 1982.

■ In its first point of error, Colonial contends that the trial court erred in rendering judgment for the Hazeltons and in refusing to render judgment for Colonial because there is no evidence, or the evidence is legally insufficient, to support the trial court's finding that Pamela was a "full-time student" on the date of her accident. We agree with Colonial.

In considering a "no evidence" point, we must view the evidence in its most favorable light in support of the challenged findings of fact, considering only the evidence and the inferences which support the findings and rejecting the evidence and the inferences which are contrary to the findings. *Prudential,* 595 S.W.2d at 559; *see, In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The favorable testimony indicates:
1. that Pamela worked as a sales clerk to learn the business of shoe sales beginning in January of 1982;
2. that Pamela always intended to return to school and continue her education; and
3. that Pamela enrolled for one class beginning in July of 1982.

The Hazeltons contend that Pamela was a "student" continuing her education by working as a sales clerk. This is contrary to the plain meaning of the word "student." The Hazeltons further contend that the intent to continue one's studies is sufficient to classify a person as a "student." The Hazeltons rely upon *United States ex rel. Simonian v. Tod,* 297 F. 172, 173 (2nd Cir.1924). *Tod* does not stand for the proposition that intent to enroll is sufficient evidence that the person is a "student." In *Tod,* intent to study at a business college was one factor that the Immigration Service reviewed in allowing entry of two immigrants into this country to attend school. In *Tod,* the court also noted that their sponsoring American uncle had paid an initiation fee and had enrolled the immigrants in business college. Here, Pamela was not enrolled in classes at the time of her accident; she only enrolled for the fall of 1981 and summer of 1982.

We sustain Colonial's first point of error. We hold that there is no evidence to support the trial court's finding that Pamela Jean Hazelton was a "full-time student" at the time of her accident. Therefore, we reverse and render judgment for Colonial.