496 So.2d 875 (1986)
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Appellant,
v.
Lucy E. CASSADY and Martin T. Cassady, Appellees.
No. 85-1238.
District Court of Appeal of Florida, Fourth District.
October 15, 1986.
Rehearing and Clarification Denied November 20, 1986.
*876 Emory C. Teel, III of Fee, Bryan, Kobelgard, Teel & Kenney, P.A., Fort Pierce, for appellant.
William E. Raikes, III of Brennan and Muschott, Fort Pierce, for appellees.
HERSEY, Chief Judge.
Appellant, medical insurance carrier, appeals a determination adverse to it that appellee claimant is entitled to coverage under his mother's policy because of his status as a full-time student under the age of twenty-four years.
The policy provision in issue provides as follows:
"Subscriber" means and includes the contract holder and any of his or her dependents covered under this contract but only if and while any such person is so covered. Coverage of a newborn child of a contract holder under an existing family contract shall commence with the date of birth. Under a family contract a subscriber child is entitled to the same benefits as the subscriber-parent. A child shall cease to be a subscriber under a family contract when such child becomes nineteen (19) years of age, except if such child is in full time attendance at an accredited college or university and is dependent upon the contract holder for support, coverage will continue until such child becomes twenty-four (24) years of age, or upon marriage of such child.
(Emphasis added).
Following are the operative facts:
Claimant was born on December 4, 1964. He was, at all times relevant to the coverage issue presented here, less than twenty-four years of age.
At the age of seventeen, claimant dropped out of high school, left his mother's residence and moved in with a friend. Five months later he returned to his mother's household and decided to take the General Educational Development (GED) test as a necessary prerequisite to attending college. He paid for the test on November 28, 1983, and began studying to take the test. On December 4, 1983, he reached his nineteenth birthday. At that time he was unemployed and lived with his mother.
On January 31, 1984, claimant received his GED high school diploma, too late to enter Indian River Junior College for the winter term; however, he planned to enroll for the summer term.
On March 23, 1984, the injuries for which compensation is sought in these proceedings occurred as a result of a collision between claimant's motorcycle and an automobile.
On April 6, 1984, claimant paid an application fee of $10 to Indian River Junior College. Because classes in the subject he wished to pursue were not available during the summer term, however, he did not commence his formal studies until August of 1984.
Because we think it is reasonably clear that claimant was "dependent" on his mother for support within the meaning of the policy provision in question, we have omitted recital of evidence on that issue. It is also undisputed that claimant is within the age brackets to qualify for coverage. Remaining for our consideration on the issue of coverage is whether claimant, at the time of the injury, was "in full time attendance at an accredited college or university." In simpler terms, the question is whether claimant was a full-time student.
The trial court took testimony on this issue to the effect that one enrolled to attend college would be covered even during summer break. Apparently assuming that the term "full-time" did not in ordinary usage encompass a student during a summer break, the court found the policy language ambiguous in this respect and therefore entitled to be expanded and explained by parol evidence. Based upon the policy language, enlightened by trial testimony, *877 the trial court construed the coverage provision as broad enough to include claimant.
If "full-time attendance" is ambiguous, then claimant was entitled to have the policy construed in his favor and the final judgment affirmed. If that term is not ambiguous, then its plain, ordinary meaning must be applied to the facts of this case, perhaps with a different result. The applicable rules are succinctly stated by the Court of Appeals in Ideal Mutual Insurance Co. v. C.D.I. Construction, Inc., 640 F.2d 654, 657-658 (5th Cir.1981), as follows:
Under Florida law, which applies to issues of policy construction, the basic rule is: where there is an ambiguity such that two (or more) reasonable interpretations can fairly be made, the court will choose that interpretation favoring the insured. Shelby Mutual Ins. Co. v. Manchester, 376 So.2d 266 (Fla. 3rd DCA 1979); Travelers Ins. Co. v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979); Tropical Park, Inc. v. U.S. Fidelity & Guar., 357 So.2d 253 (Fla. 3rd DCA 1978). The same rule applies to conflicting provisions. Government Emp. Ins. Co. v. Burak, 373 So.2d 89 (Fla. 3rd DCA 1979). However, where the terms are clear and unambiguous or only one logical interpretation consistent with the intent of the parties exists, the court must give the policy that meaning. Ward v. Nationwide Mut. Fire Ins. Co., 364 So.2d 73 (Fla. 2nd DCA 1978); American Mfrs. Mut. Ins. Co. v. Horn, 353 So.2d 565 (Fla. 3rd DCA 1977). In other words, disputes are to be resolved in favor of the insured "[o]nly when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction... . [Such rule] does not allow courts to rewrite [insurance] contracts, add meaning that is not present, or otherwise reach results contrary to the intention of the parties." Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla. 1979) (citations omitted).
Turning again to the term "in full time attendance" as that term is applied to a student, we think it is not ambiguous. It is common knowledge that customarily schools recess for the summer months, although special programs may be given or continue into that period. It would be a strained interpretation indeed to include within the classification of full-time college students only those who were continuously in class from the first day of their freshman year to their last day as seniors. See, as further illustration, Margie Bridals, Inc. v. Mutual Benefit Life Insurance Co., 62 Ill. App.3d 542, 19 Ill.Dec. 547, 550, 379 N.E.2d 62, 65 (1978), wherein the court stated:
While the term "full-time student" is not defined by the policy, the term must be given its usual interpretation. Such term envisions a person's enrollment in an academic institution and attendance at classes on a substantial basis. Full-time ordinarily signifies the normal or standard period of time spent in a named activity.
Concluding that the policy provision in question is not ambiguous, the inquiry is whether claimant falls within the plain meaning of the term "full time" as applied to college students. We reluctantly conclude that he does not. While his efforts to attain that status were commendable, they were just that. At the time of the injury he was still trying to become a junior college student. He had not become one. Had the accident taken place during the summer between claimant's graduation from high school and his entry into the freshman class in the fall of the same year, we would conclude otherwise. Variations on this theme are not only possible, but probable. However, claimant's is not such a case, and we therefore hold that the trial court erred in so construing the policy.
With regard to burn injuries suffered by claimant at an earlier date, we hold that all of his expenses related to that injury are compensable.
*878 The remaining issues are either moot in view of the result here, or are considered to be without merit.
We reverse and remand for subsequent proceedings in accordance with this opinion.
REVERSED AND REMANDED.
GUNTHER, J., concurs.
DELL, J., dissents without opinion.