500 So.2d 864 (1986)
Phillip H. MASSEY, et al.
v.
The BOARD OF TRUSTEES, STATE EMPLOYEES GROUP BENEFITS PROGRAM.
No. 85 CA 1270.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Writ Denied February 13, 1987.
*865 William J. Doran, Jr., Baton Rouge, for plaintiff-appellee Phillip H. Massey, Juliette Massey and John R. Massey.
Richard N. Burtt, Baton Rouge, for defendant-appellant Bd. of Trustees, State Employees Group Benefits Program.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
John R. Massey was injured and incurred medical expenses as the result of an accident which occurred on April 8, 1984. He was 19 years old at the time of the accident. Philip H. Massey, his father, was then a "Covered Person" under the State Employees Group Benefits Program. Mr. Massey submitted the claims to the State Employees Group Benefits Program for payment. Coverage was denied on the basis that John Massey was not a covered dependent as defined in the insurance contract.
The Claims Review Committee (Committee) of the Board of Trustees of the State Employees Group Benefits Program affirmed the administrative denial of benefits. Plaintiffs subsequently sought judicial review of the Committee's decision. The district court rendered judgment in favor of plaintiffs, reversing the administrative decision. From this judgment the Board of Trustees appeals.
The primary issue on appeal is the legal status of John Massey under the terms of the insurance policy. Coverage was denied on the basis that John Massey was not a dependent under Article 1, Section I, G(4) of the insurance contract which defines dependents as: "Any unmarried children over nineteen (19) years of age, but under twenty-four (24) years of age, who are enrolled as full-time students and who depend upon the employee for support."
Appellant contends that in order to be considered a full-time student within the meaning of Article 1, Section I, G(4) one must look to the definition of "full-time student" at the learning institution at which the student is enrolled. According to L.S.U. criteria a student enrolled in less than twelve hours per semester is considered to be a part-time student. Since John Massey was enrolled in nine hours in the Spring, 1984, semester, he was not considered a full-time student by L.S.U. criteria, hence, his coverage should be denied.
Appellees contend that during the entire time that John Massey attended L.S.U. he was enrolled as a full-time student because during that entire period (including the *866 Spring, 1984, semester) his primary daily occupation was that of student. It is uncontested that at the time in question John Massey resided with his parents; was dependent on them for support; was unmarried; and was enrolled and attended classes daily at L.S.U. He had previously been enrolled in and attended the summer and fall semesters of 1982 and the spring and fall semesters of 1983 as a full-time student according to L.S.U. criteria.
Where the language used in an insurance policy is subject to more than one accepted construction or meaning, that language is considered to be ambiguous and should be interpreted in favor of the insured to provide coverage. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La.1979). We find that the phrase "enrolled as a full-time student" as used in the insurance policy is capable of more than one construction. It could be interpreted to mean full-time according to the criteria of the school in which the student is enrolled. It could also mean full-time according to the actual practice of the student involved. Here the student qualified under both constructions for one summer and three regular semesters preceeding the accident. He did not meet the L.S.U. criteria for full time when the accident occurred simply because a professor recommended that he take 3 less hours. He and his parents still considered him a full-time student. This underlines the importance of unambiguous definition. Coverage can cease to exist under the construction advanced by the state without knowledge of the parties involved even if they are totally familiar with the provisions of the contract.
Consequently, we hold the provision in the policy must be construed in favor of the insured to provide coverage.
Appellant further argues that the manifest error standard of review should be applied to the factual findings made by the Committee and that the decision of the Committee should not be reversed in the absence of the Committee's arbitrary and capricious abuse of discretion. The Administrative Procedure Act (La.R.S. 49:950 et seq.) may apply either directly or by analogy. However, the interpretation of a term used, but not defined, in an insurance contract and the determination of a person's legal status under the terms of an insurance contract are legal questions to be determined upon judicial review with little or no deference to the decision of the administrative body. See Hay v. South Central Bell Telephone Co., 475 So.2d 1052 (La. 1985); Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984).
Accordingly, the judgment of the district court is affirmed. Costs in the amount of $542 are assessed against appellant.
AFFIRMED.