Todd G. IMERSON, Plaintiff,

v.

**DISTRICT SCHOOL BOARD OF PASCO COUNTY and Anthem Life Insurance Co. of Florida f/k/a Gulf Life Insurance Co., Defendants.**

No. 92–203–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 8, 1993.

Craig A. Laporte, Riley, Proly & Laporte, Port Richey, FL, for plaintiff.

Tony B. Griffin, John–Edward Alley, Alley & Alley, Chartered, Richard B. Wilkes, Elizabeth L. Biemer, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Motion for Summary Judgment (Dkt. # 30) filed by the Defendant, Anthem Life Insurance Company, as to Counts II and III of the Complaint. In Count II of the Complaint, Imerson asserts a cause of action against Anthem for breach of an insurance policy for failing to provide coverage. In Count III of the Complaint, Imerson seeks declaratory judgment defining the parties' respective rights under the policy.

■ Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

■ The Supreme Court of the United States held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

Rule 56(c) requires that the non-moving party go beyond the pleadings to designate specific facts showing there is a genuine issue for trial. Thus, affidavits, depositions, answers to interrogatories and admissions on file are all relevant in determining whether a motion for summary judgment should be granted. *Id.* at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### I. Findings of Fact

Thomas Imerson, father of the Plaintiff, Todd G. Imerson, was insured under a group policy issued by the Gulf Life Insurance Company to the District School Board of Pasco County, Florida. Thomas Imerson elected to cover himself and his dependents under the Policy in January of 1987. Since the issuance of the Policy, Thomas Imerson, has paid the premiums necessary for coverage.

According to the terms of the Policy, a dependent means "your spouse or your unmarried child from birth but *under* 19 years of age." The policy then sets forth the following exception to the age requirement:

> ... your unmarried dependent children *enrolled as full time students at an accredited school or college are eligible until attainment of 23 years of age.*

Furthermore, the terms of the Policy state that dependent insurance will terminate on the earliest of:

> (c) the date coverage for dependents is terminated under the Group Policy, or
>
> (d) *for any dependent, the date he ceases to be an eligible dependent.*

Eligibility as a dependent will cease ... (c) for your child on the date of the child's marriage or *attainment of the maximum applicable age limit,* whichever is the earliest date.

On January 20, 1990, Plaintiff Imerson, turned nineteen years of age. At that time, he was not enrolled as a full-time student. Approximately six months later, on July 22, 1990, Imerson presented himself at a walk-in clinic with chest pain. Two days later, Imerson applied for admission to St. Petersburg Junior College and paid a $20.00 application fee. On July 27, 1990, Imerson was considered "admitted" to the college. However, as part of the registration process, Plaintiff Imerson, still had to attend counseling, take the placement test, and register for specific classes.

On July 31, 1990, four days after Imerson was considered enrolled at the college, he was diagnosed as suffering from a heart disorder and was hospitalized. Ultimately, on August 15, 1990, he underwent heart transplant surgery. As a result of Plaintiff Imerson's medical condition, he was unable to attend counseling, take the placement test and register for classes. If Plaintiff Imerson had been able to complete the registration process, it was his intention to take twelve credit hours as a full-time student. In fact, after Plaintiff Imerson's medical discharge, he returned to St. Petersburg Junior College in November of 1990 and attended counseling, took the placement test and registered for twelve credit hours.

Following Plaintiff Imerson's surgery, medical bills were submitted to the Defendant, Anthem Life. Anthem, upon receiving the medical bills, denied coverage on the grounds that Imerson's coverage was automatically terminated on January 20, 1990 when Plaintiff Imerson turned nineteen. Furthermore, Anthem contends that Imerson was not a full time student at the time of his sickness and alleges that even if Plaintiff Imerson is considered enrolled as a full time student he is not automatically reinstated under the Policy.

## II. Discussion

### A. The insurance policy is clear and unambiguous

When the language of an insurance policy is clear and unambiguous, the policy must be enforced as written. *Stuyvesant Ins. Co. v. Butler,* 314 So.2d 567, 570 (Fla. 1975). The policy at issue in this case clearly and unambiguously states that a dependent is an "unmarried child from birth but under 19 years of age." Furthermore, the policy clearly states that the age limitation *does not apply* for "unmarried dependent children enrolled as full time students at an accredited school or college". In this circumstance, full-time students are eligible for coverage until "attainment of age 23."

Plaintiff argues that the policy is ambiguous and should therefore be construed against the insurer and in favor of the insured. *Id.* Specifically, the Plaintiff contends that an ambiguity exists in the section entitled "Termination of Individual Insurance." This section provides that eligibility will cease "for your child, on the date of the child's marriage or attainment of the applicable maximum age limit." Plaintiff states that this clause when read in combination with the definition of dependent creates an ambiguity in that the maximum applicable age can be seen as 23 and not 19. However, the clear and unambiguous definition of "dependent" when read in conjunction with the termination clause *clearly* sets forth two age limitations.

First, if the dependent turns 19 and is not enrolled as a full time student, his coverage will cease. Under this scenario, the maximum applicable age limit is 19. Second, if the dependent turns 19, is unmarried and enrolled as a full time student, the dependent will be eligible for coverage until he reaches the age of 23. Thus, under this scenario, the maximum applicable age limit is 23. Therefore, the policy clearly and unambiguously sets forth two maximum applicable age limitations. As a result, the policy must be enforced as written. *Stuyvesant Ins. Co.,* 314 So.2d at 570.

On January 20, 1990, Plaintiff Imerson turned nineteen years of age. It is an undis-

puted fact that at time he was not enrolled as a full-time student. Therefore, under the clear and unambiguous terms of the policy, Plaintiff Imerson's policy terminated. It appears that at this time, Plaintiff Imerson could have executed the health insurance conversion privilege which is available to dependents whose coverage ceases due to "attaining the maximum age limit." However, Plaintiff Imerson failed to exercise this option and now argues that his subsequent admission to St. Petersburg Junior College should automatically reinstate the policy.

### B. Plaintiff Imerson cannot be considered a full time student at the time of his sickness

■ In *Blue Cross and Blue Shield of Florida, Inc. v. Cassady,* 496 So.2d 875 (Fla. 4th DCA1986), the court held that the term full-time student "envisions a person's enrollment in an academic institution and attendance at classes on a substantial basis." *Id.* at 877. Plaintiff Imerson was clearly not enrolled as a full time student attending classes on a substantial basis. Similar to *Cassady,* Plaintiff Imerson, at the time of his sickness, was still trying to become a junior college student. *See Cassady,* 496 So.2d at 877. In *Cassady,* the Plaintiff had paid the application fee to Indian River Junior College in April of 1984. He, however, did not commence classes until August of 1984 because the subjects he wished to pursue were not available at that time. *Id.* at 876. Similarly, Plaintiff Imerson paid an application fee but did not commence classes until the subsequent semester due to his illness.

Plaintiff attempts to distinguish *Cassady* by stating that the Plaintiff in *Cassady* did not apply for admission until *after* the injuries for which he sought compensation whereas Plaintiff Imerson applied for admission four days *before* he was diagnosed as having a heart disorder. However, this fact distinction viewed in a light most favorable to the Plaintiff is not sufficient to preclude summary judgment. The mere existence of some evidence to support the non-moving party's position is insufficient to avoid summary judgement. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In *Cassady* the court clearly held that a "full time student" is one who is enrolled at an academic institution and attending classes on a substantial basis. Therefore, the *Cassady* holding prevents Plaintiff Imerson from being deemed a full-time student at the time of his sickness.

In *Klotz v. Anthem Life Insurance Co.,* 601 So.2d 593 (Fla. 3d DCA1992), the court held that a person registered at an educational institution who is on a medical leave of absence and not attending classes is "enrolled" as a full time student. Thus, under *Klotz,* the issue is whether Plaintiff Imerson was registered at an educational institution and on a medical leave of absence. According to the deposition testimony of Dr. Naomi Williams, the College Registrar, Plaintiff Imerson was merely admitted to the institution and was not enrolled nor considered registered. Dr. Williams stated that Plaintiff Imerson had merely been "admitted to St. Petersburg Junior College" and that a student is not "enrolled until they register."

■ Plaintiff argues that there is a genuine issue of material fact because Dr. Williams deposition testimony states that Plaintiff Imerson was merely "admitted" while the letter sent to Imerson from the school states that Imerson was "enrolled". However, the deposition testimony of Dr. Williams clearly states that the letter indicating Plaintiff Imerson was enrolled is "misleading because ... the student really isn't enrolled until registered." Therefore, this factual dispute alone is insufficient to preclude summary judgment. As stated earlier, the mere existence of some evidence to support the non-moving party's position is insufficient to avoid summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. In the case at bar, Plaintiff Imerson never took the placement test, never met with counselors and never registered for his classes. Therefore, under the *Klotz* standard, Plaintiff Imerson cannot be considered a "registered" student. Because Plaintiff Imerson was not registered, his medical illness cannot constitute a medical leave of absence entitling him to be classified as full-time student.

### III. Conclusion

On January 20, 1990, Plaintiff Imerson turned nineteen and was not enrolled as full time student. Therefore, under the clear and unambiguous language of the policy, Plaintiff Imerson's coverage was terminated when he was no longer an eligible dependent. Following termination of the policy, Plaintiff Imerson never attempted to execute the conversion privilege. Thus, Plaintiff Imerson was left without coverage. In July of 1990, Plaintiff Imerson was admitted to St. Petersburg Junior College. However, Plaintiff Imerson became ill prior to being classified as a full-time student. Unfortunately, because Plaintiff Imerson cannot be classified as a full time student, there was never a possibility of reinstating his policy. Therefore, summary judgement must be granted as to Counts II and III of the complaint.

**ORDERED** that the Motion for Summary Judgment is **granted**.

**DONE and ORDERED.**